UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHINYERE OGBONNA-MCGRUDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY DEMAND |
| AUSTIN PEAY STATE UNIVERSITY | ) |
| MARSHA LYLE-GONGA and | ) |
| MARIA CRONLEY | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, **CHINYERE OGBONNA-MCGRUDER** (hereinafter "McGruder" or "Plaintiff") by and through counsel, and sues Defendants, **AUSTIN PEAY STATE UNIVERSITY, MARSHA LYLE-GONGA, in her individual and official capacity and MARIA CRONLEY in her individual and official capacity** (hereinafter "Defendants"), seeking relief for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and 42 U.S.C § 1983, pursuant to the fourteenth (14th) amendment of the Constitution of the United States, her right to equal protection under the law, her right to be free from discrimination based on her race, to be free from retaliation for having reported discrimination, and pursuant to the first (1st) amendment of the Constitution of the United States, her right to be free from retaliation for having exercised her right to report discriminatory treatment.

1

## PARTIES

1. Plaintiff is a female African-American resident of the United States who resides in Goodlettsville, Tennessee. She is at all times relevant to this complaint a citizen of the State of Tennessee, a resident of Robertson County Tennessee, and a tenured professor at Austin Peay State University.

2. Defendant Austin Peay State University is an educational institution located in Clarksville, Montgomery County, Tennessee that can be served through its Registered Agent: Jonathan Skrmetti, Attorney General of Tennessee, Post Office Box 20207, Nashville, Tennessee 37202.

3. Defendant Austin Peay State University is an "employer" as that term is defined by 42 U.S.C. § 2000e et seq.

4. Defendant Dr. Marsha Lyle-Gonga (hereinafter Gonga) beginning January 1, 2020 was at all times relevant to this complaint Chair of the Department of Political Science and Public Management.

5. Defendant Dr. Maria Cronley was at all times relevant to this complaint, Provost at Defendant Austin Peay State University.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et. Seq.) and 42 U.S.C. § 1983, pursuant to the Constitution of the United States, Amendment 1 and Amendment 14. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 451, 1331, 1343, and 1367.

7. Venue is proper before this Court in that a substantial part of the events or omissions giving rise to the present claim occurred within this judicial district.

8. Plaintiff was granted a Right to Sue letter on November 13, 2023. (See Exhibit 1)

9. At all relevant times, Defendant has continuously been an employer of fifteen or more employees engaged in an industry affecting commerce within the meaning of Sections 701(b)(g) and (h) of Title VII, 42 U.S.C. § 2000e et seq.

10. Defendant has continuously operated its business in Tennessee and this jurisdiction with at least fifteen employees.

11. The unlawful acts of retaliation alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## STATEMENT OF FACTS

12. Plaintiff previously filed a complaint against Defendant Austin Peay State University, which was ultimately dismissed by the District Court for the Middle District of Tennessee for failure to state a claim for which relief may be granted.[1] Said case is now under appeal to the United States Court of Appeals for the Sixth (6th) Circuit.

13. Plaintiff is the only African-American female that was denied the ability to self-select the department in which she preferred to teach when the former PM/CJ was split in 2017.

---

[1] See Case 3:21-cv-00506, Document 101, PageID # 1297

3

14. Plaintiff filed a charge of discrimination on the basis of her race in 2017. As such, Plaintiff falls within the protected class as a "person" and/or employee as defined in 42 U.S.C. § 2000e(a).

15. Plaintiff asserts that she has suffered new retaliation at the hands of defendants Austin Peay State University, Gonga and Cronley not addressed in her prior lawsuit after having previously complained about said discrimination on the basis of her race.

16. As a result of said new retaliation, Plaintiff filed a new charge of retaliation with the EEOC on January 10, 2023. (See Exhibit 3)

17. During sworn testimony in October 2022, Criminal Justice Department Chair, Dr. Culhane stated under oath that Plaintiff was not qualified to teach Criminal Justice courses.

18. Dr. Culhane indicated that Plaintiff was not qualified because her earned PhD was in Public Administration.

19. Defendant APSU hired M.G. Moland, DPA Associate Professor of Political Science and Criminal Justice Chair, Criminal Justice and Human Services Programs Letourneau University in 2021 to review Plaintiff's qualifications to teach criminal justice courses. His review was sent to April Williams and Corey Harkey in the form of an email on November 19, 2021.

20. Dr. Moland's email of November 19, 2021 included the following statements:

> I have received and reviewed the additional documents. From the documents provided, it confirms that APSU has been assigning Dr. Ogbonna-McGruder to teach Criminal Justice courses for nearly two decades. Her teaching included ongoing engagement with a wide array of practitioners in the field of Criminal Justice across all of the courses taught. This is a sound teaching practice. This ongoing teaching of Criminal Justice suggest to me that she has developed more than sufficient background to teach these courses…I must emphasize: Dr. Ogbonna-McGruder has taught a variety of Criminal Justice courses <u>over 52 semesters at APSU.</u> In most semesters, Dr. Ogbonna-McGruder was assigned multiple Criminal Justice courses to teach. In that time, Dr. Ogbonna-McGruder progressed in academic rank and was granted tenure. This should have included multiple

4

reviews of her credentials, teaching, and her performance. Dr. Ogbonna-McGruder was even assigned to <u>teach Criminal Justice courses this current semester</u> while this review was ongoing…While I am unable to definitively say that her performance was excellent, the provided record shows repeated affirmation of her teaching by her leadership through ongoing assignment of teaching Criminal Justice courses.

21. In February 2023, Plaintiff discovered that despite his testimony, Dr. Culhane had hired Dr. Erin Carlin, a caucasian female in August 2022 to teach criminal justice courses and terrorism courses.

22. Upon review of Dr. Carlin's resume' Plaintiff discovered that her PhD was in Political Science, her Master's in Public Administration, she was a recent graduate of a doctoral program, and has no prior experience teaching Criminal Justice courses or courses in terrorism. (See Exhibit 2)

23. Consequently, Plaintiff amended her EEOC charge on April 3, 2023, to add a charge of discrimination based on race. (See Exhibit 4)

24. Plaintiff taught criminal justice courses at Austin Peay State University for about twenty (20) years before being told she was not qualified to teach criminal justice courses.

25. The discriminatory conduct alleged herein has cost Plaintiff summer salary pay and continues to cause her pain, embarrassment, and emotional distress.

26. In August of 2021, Plaintiff submitted a request for permission to teach criminal justice courses in adjunct capacity at Fisk University in Nashville, Tennessee. Said request was approved by her supervisor the Chair, the Dean, and defendant Provost Cronley.

27. In August of 2022, Plaintiff again requested approval to teach similar courses at Fisk University. Her request was approved by the Chair of her department and the Dean of the college, but it was denied by Defendant Provost Cronley.

5

28. Provost Cronley stated she denied the request because her position at Fisk would allegedly compete with courses being offered by Austin Peay State University.

29. There are no competing interests between Fisk a private historic HBCU and APSU, a public university.

30. Denial of Plaintiff's request to teach at Fisk in an adjunct capacity has cost her approximately $12,000 per year in lost income.

31. On December 7, 2022, Dr. Lyle-Gonga held a faculty meeting during which she told the two faculty members present (including Plaintiff) that they needed to volunteer to write the Public Management review document.

32. Plaintiff asked Lyle-Gonga about release time and whether the activity would be considered high impact or exceeding expectations for purposes of her employment evaluations.

33. Lyle-Gonga responded in a threatening manner stating, "here is the deal, if you don't do well, you don't have a job to come back to… it is incumbent on you to do well." No other departmental program lead has been threatened as such.

34. On November 30, 2022, Plaintiff submitted her proposal to Lyle-Gonga for classes for summer and fall 2023 which specifically included Pols 1002 Intro into Law which she has taught in the past. Dr. Gonga assigned the class to a white adjunct professor Julia Palasek North.

35. For the academic years of 2021/2022 and 2022/2023, Lyle Gonga failed to perform Plaintiff's annual faculty evaluation according to departmental standards.

36. When Plaintiff complained to Provost Cronley, the provost stated among other things that there is a holistic review of faulty evaluations and not specific adherence to departmental faculty criteria standards.

37. On multiple occasions since the filing of the EEO complaint in 2017, Plaintiff has experienced retaliation by Defendants.

38. Because Plaintiff is an experienced and tenured African American professor, Defendants must find "cause" to terminate her employment.

39. In the absence of being able to find "cause" Defendants have intentionally retaliated against Plaintiff in hopes retaliation would cause her to resign and Defendants would not have to deal with her.

40. Since at least August 26, 2019, Defendant Austin Peay State University has engaged in unlawful employment practices at its Clarksville, Tennessee campus in violation of § 703(a) Title VII, 42 U.S.C. § 2000e-2(a) and/or Section 704(a) Title VII, 42 U.S.C § 2000e-3(a) and in violation of the first (1st) and fourteenth (14th) Amendments to the Constitution of the United States.

41. Defendants Cronley and Gonga have violated Plaintiff's federal constitutional rights pursuant to the equal protection clause secured by the fourteenth (14th) Amendment of the Constitution of the United States to be free from unlawful discrimination and have retaliated against Plaintiff in violation of both the first (1st) and fourteenth (14th) Amendments, under color of State law for having reported discrimination and being denied equal treatment.

42. Plaintiff was hired to perform as a college professor to teach classes in criminal justice and public management in 2003.

43. Plaintiff has a doctorate (Ph.D.) in Public Administration and Public Policy which she obtained at Tennessee State University in 2000.

44. In Spring 2017, faculty within the department were told by then Dean Denton that the public management/criminal justice department would be split into two departments, with the

7

Case 3:23-cv-01242   Document 1   Filed 11/24/23   Page 7 of 12 PageID #: 7

fast-growing criminal justice side becoming an autonomous department and public management merging with political science to become another autonomous department.

45. Faculty, if so inclined, were told they could ask for joint appointment based on chair approval.

46. Faculty within the original public management/criminal justice department were told that they could self-select the department they wanted to join. There would be no review of their qualifications for the self-selection.

47. Dean Denton rejected Plaintiff's chair approval for joint appointment and then denied her the opportunity to self-select her department.

48. Plaintiff as a tenured African American professor was then denied the opportunity to self-select her department out of the two newly created departments (Department of Criminal Justice and the combined Department of Political Science and Public Management).

49. Dean Denton decided and acted instead to assign Plaintiff to the department of his choice.

50. Plaintiff filed a formal complaint of racial discrimination in 2017 with the Office of Equal opportunity and Affirmative Action and the university did not respond till summer 2019.

51. Said complaint was not well taken by Defendants and Austin Peay State University in violation of its own policy delayed investigating the complaint and providing a response for two years.

52. Brown and other department heads and/or professors had knowledge of the filing of this complaint.

53. University policy states that the investigation of said complaint must be completed within 60 days.

54. The investigation found that the actions of Dean Denton were wrong, but the university failed to remedy the discrimination.

55. Plaintiff subsequently filed an EEOC complaint in September 2019 that was assigned charge number 494-2019-02950 alleging discriminatory conduct referenced in the foregoing paragraphs.

56. This charge was apparently closed to allow parties to negotiate but reopened upon failure to reach an agreement.

57. Specifically through the actions individually of Cronley, and department chair Gonga, defendants have retaliated against Plaintiff by subjecting her work to greater scrutiny and either failing to provide her with annual performance evaluations, or lowering her ratings from those she had historically received via misapplication of evaluation standards.

58. Said retaliation has continued as stated in the charges in Exhibits 3 and 4 which are attached.

59. It is an unlawful employment practice under § 704(a) of Title VII for an employer to discharge or discipline an employee because (s)he has filed a Title VII charge, has participated in a Title VII investigation, or has otherwise opposed Title VII discrimination. (See § 614.)

60. 42 U.S.C. § 1983 separately provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law suit in equity, or other proper proceding for redress."

61. Defendants have retaliated against Plaintiff for exercising her right to complain under the first (1st) Amendment to the United States Constitution about discrimination based on her race and under the fourteenth (14th) Amendment to the Constitution of the United States for having received said unlawful discrimination and retaliation.

62. Defendant Austin Peay State University is strictly liable for the acts averred herein because managers and/or department heads/deans referenced herein had authority to materially alter the terms and conditions of employment for professors as employees under their supervision.

63. Defendant Austin Peay State University failed to exercise reasonable care to prevent and correct promptly any harassing, and/or offending behavior against Plaintiff.

64. The frequency of the discriminatory conduct, its severity, and pervasiveness are threatening and humiliating to Plaintiff and unreasonably interfered with Plaintiff's work performance. These actions adversely affected her emotional and/or psychological well-being. Such facts constitute a "hostile and/or "abusive" work environment and perpetuated unlawful disparate treatment.

65. The actions of Cronley and Gonga also constitute violation of Plaintiff's right under color of state law right to be treated equally pursuant to the fourteenth (14th) Amendment to the United States Constitution and her right to complain and report unlawful discrimination under the first (1st) Amendment to the United States Constitution.

66. Plaintiff has suffered damages because of Defendants' discriminatory and/or retaliatory actions in excess of $75,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. Declaration that Defendants have violated Plaintiff's civil rights by retaliating against her for opposing race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and 42 U.S.C. § 1983 for violation of her civil rights under color of State law pursuant to the equal protection clause of the fourteenth (14th) Amendment to the United States Constitution, and pursuant to the first (1st) Amendment to the Constitution of the United States for having reported unlawful racial discrimination.

2. Payment of Compensatory damages with prejudgment interest to Plaintiff for all lost salary, back pay, front pay, and benefits lost due to Defendants' unlawful actions in an amount not less than $950,000.00 or to be determined for repeated and continual retaliation and discrimination;

3. As to Defendants Cronley and Lyle-Gonga, damages to Plaintiff for emotional distress, loss of enjoyment of life, embarrassment, and humiliation in an amount to be determined by a jury;

4. As to Defendants Cronley and Lyle-Gonga, Punitive damages to Plaintiff in an amount to be determined by the jury;

5. Award to Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, costs, and expenses; and

6. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *James W. Edwards*

James W. Edwards, BPR# 35601
Corley Henard Lyle Levy & Langford, PLC
177 East Main Street, Lancaster Bldg., Ste 4
Hendersonville, Tennessee 37075
Tel: 615-590-7005; Fax 615-590-7768
Cell: 615-545-7311
Lawyerjim41@gmail.com
*Attorney for Plaintiff*