UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHINYERE OGBONNA-MCGRUDER,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN PEAY STATE UNIVERSITY,<br>MARSHA LYLE-GONGA, and<br>MARIA CRONLEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:23-cv-01242<br><br>JUDGE RICHARDSON |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is a motion for summary judgment (Doc. No. 46, "Motion") filed by Defendants Austin Peay State University ("APSU"), Dr. Maria Cronley ("Cronley"), and Dr. Marsha Lyle-Gonga ("Lyle-Gonga"). Supporting the Motion is a memorandum (Doc. No. 47), a statement of facts (Doc. No. 48, "SOF"), which is comprised of 66 purportedly material and undisputed facts, and a notice of filing (Doc. No. 49) noting the various exhibits (Doc. Nos. 48-1 through 48-21) filed contemporaneously with and in support of the SOF.

Plaintiff has filed responses to the SOF (Doc. No. 55, "SOF Response"), in a document that also contains a statement by Plaintiff of "Additional Material Facts," (Doc. No. 55 at 20-21, this portion "Plaintiff's SOF") purportedly pursuant to "LR 56.01(c)(2)." (*Id.* at 20-21). Plaintiff also has filed a response and memorandum of law opposing the Motion. (Doc. No. 56). Defendants filed a reply in further support of the Motion. (Doc. No. 70).[1]

[1] The parties filed subsequent motions and documents relating to the Motion. (*See, e.g.,* Doc. Nos. 57 and 59, Plaintiff requesting leave to file non-electronic exhibits and depositions; Doc. No. 71, Plaintiff requesting leave to file a sur-reply to the Motion; Doc. No. 72, Defendants opposing Plaintiff's request for leave to file a sur-reply; Doc. No. 73, Plaintiff filing a reply in further support of Plaintiff's request for leave to file a sur-reply; Doc. No. 74, Plaintiff requesting leave to file supplemental briefing; Doc. No. 75,

For the reasons described herein, the Motion is **DENIED**.

## BACKGROUND

The present action, which the Court will summarize no more than is necessary for the narrow purposes of this Memorandum Opinion and Order, arises from events concerning, among other things, alleged employment discrimination against Plaintiff on the basis of Plaintiff's race as well as related alleged retaliation for Plaintiff's complaints and prior lawsuit regarding such alleged discrimination. Plaintiff has asserted claims for retaliation and race discrimination under Title VII against Defendant APSU along with Defendants Cronley and Lyle-Gonga in their official capacities, as well as Equal Protection and First Amendment retaliation claims under 42 U.S.C. § 1983 against Defendants Cronley and Lyle-Gonga in their individual capacities.[2] Via the Motion, Defendants contend that they are entitled to summary judgment on Plaintiff's claims. (Doc. No. 46).

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

Defendants opposing Plaintiff's request for leave to file supplemental briefing; Doc. No. 88, Plaintiff filing a reply in further support of Plaintiff's request for leave to file supplemental briefing.

The Court will address the related motions in a separate Order.

[2] In the Complaint (Doc. No. 1), Plaintiff failed to state each such claim separately—leaving Defendants and the Court to discern, from the Complaint's seventy-plus numbered paragraphs, what claim(s) Plaintiff asserts against what parties.

247-48 (1986).[3] In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[4] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322). *See also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore,* 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004))).

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury

---

[3] The Court provides below an analysis of just what constitutes a "material" fact.

[4] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact.

question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## ANALYSIS

Ordinarily, when considering a motion for summary judgment, such as the instant Motion, the Court would begin its analysis by reviewing those material facts not in genuine dispute and then turn to considering the parties' arguments on the motion for summary judgment, specifically analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law.

However, the Court will eschew that approach here. As noted above, the SOF—filed in support of the Motion—contains *66* purportedly material facts. Based on the length of the SOF, the Court will deny the Motion. The Court is justified in doing so on several grounds, as discussed below.

### I. The Local Rules, Conciseness, and Material Facts

The May 15, 2025 version of the Local Rules (hereinafter "2025 Local Rules," "2025 Local Rule" or "2025 LR")—the iteration of the Local Rules in effect both now and at the time the Motion was filed—provides various rules regarding what a summary judgment movant should do in bringing their motion. As relevant here, 2025 Local Rule 56.01(c)(1) provides that a summary judgment movant "must file a *concise*, non-argumentative statement of the alleged undisputed material facts (not legal conclusions, arguments, or characterizations) that the movant contends supports summary judgment." LR 56.01(c)(1) (emphasis added).

The predecessor to 2025 Local Rule 56.01(c)(1) is 2020 Local Rule 56.01(b), and the revisions of 2020 Local Rule 56.01(b) that resulted in 2025 Local Rule 56.01(c)(1) did not dilute or otherwise relax the requirements for a summary judgment movant's statement of facts previously articulated in 2020 Local Rule 56.01(b).[5] This Court previously analyzed 2020 Local Rule 56.01(b), the interplay between 2020 Local Rule 56.01(b)'s requirement that a statement of facts be concise and the materiality (or lack thereof) of facts, and just what constitutes a material fact at summary judgment, in its decision in *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 821-826 (M.D. Tenn. 2021) (Richardson, J.). The Court repeats immediately below that analysis—in large part verbatim, though excluding the footnotes found in the original text and making small revisions and additions both to the text and to citations for the sake of clarity.

As noted above, a Rule 56.01 statement must be concise. According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed April 9, 2026). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed April 9, 2026). And according to a third, "concise" means "say[ing] everything that is necessary without using any unnecessary words." *Concise*, CollinsDictionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed April 9, 2026). Some definitions of "concise" equate the term simply with "brief" or "short." But it seems clear that a more fulsome construction of the word is "as brief [or as short] as feasible" or, conversely, "no longer than necessary." From all of this, the Court believes that when the Local Rule calls for a

[5] The Court will refer herein to the statement of facts contemplated now by 2025 Local Rule 56.01(c), or previously by 2020 Local Rule 56.01(b), as a "Rule 56.01 statement."

"concise" statement of facts, it is calling not necessarily for a statement of facts that is short or brief, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it is long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that it includes particular statements that are *not* statements of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a Rule 56.01 statement. Even more to the point, such a statement cannot be said to contribute *unnecessarily* to the length of the Rule 56.01 statement. To understand why, one must start at the beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Rule 56(a) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transportation Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248). This is a seemingly very broad standard, given the unclear and debatable boundaries of the notion of what "might affect the outcome of a lawsuit." Indeed, the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law.

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting the court in deciding a motion for summary judgment. And there is authority for the proposition that the standard is not nearly so broad as conceivably "might affect,"

at least in some minimal way, "the outcome of [a] suit." *Id.* As one district court in this circuit has stated, "a fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Westfield Ins. Co. v. Enter. 522, LLC*, 34 F. Supp. 3d 737, 743 (E.D. Mich. 2014) (citing *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984)).[6] To state *Kendall's* definition more precisely:

> A fact is "material" and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties.

*Kendall*, 751 F.2d 171 at 174 (quoting Black's Law Dictionary 881 (6th ed. 1979) (quoting *Johnson v. Soulis, Wyo.,* 542 P.2d 867, 872 (1975))). In a recent version of Section 2725 of Wright & Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors state:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it *tends to resolve* any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they *constitute a legal defense*, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is *so essential that the party against whom it is decided cannot prevail*. On the other hand, a factual issue that is not *necessary* to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016) (emphasis added). Notably, *everything* in this passage suggests the kind of narrow view of materiality embraced by *Kendall,* except where it

[6] *Kendall* was decided before *Celotex* but is recognized (as in *Westfield Ins. Co*.) as still good law, including on the points for which the Court cites it herein.

(incongruously, in the view of the undersigned) ditches that approach with a suggestion that a fact can be material if it merely "*might* affect the result of the action." (*Id.*) (emphasis added).

Although these observations are of some help in grasping the notion of "material fact," the reality is that the precise boundaries of that notion remain somewhat obscure. But those boundaries can be (and need to be) identified to some extent. Ultimately the Court concludes from its survey of applicable authority that "materiality"—even if not as narrow as *Kendall* indicates—plainly is not nearly broad enough to encompass every discrete fact that merely contributes incrementally to a factual narrative that, when combined with a legal argument, justifies summary judgment. Such facts are garden-variety relevant facts rather than material facts, and confusion is sown when they are presented by a movant as material facts.

The Court recognizes that a summary judgment movant cannot be faulted for including in its Rule 56.01 statement every fact that it properly identifies as material, no matter how many other material facts are included therein. As the plain goal of a Rule 56.01 statement is presenting all material facts to the court, no material fact should be excluded on the grounds that there are already too many (other) material facts. But a statement of fact should be excluded from a Rule 56.01 statement if, properly understood, it is (i) not a statement of *fact* at all[7] or (ii) a statement of fact but not properly considered a statement of *material* fact. Unfortunately, the Court often sees summary judgment movants inaptly include, in a Rule 56.01 statement, these two categories of factual statements (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden-variety "relevant" fact and a fact that is material. That focus is crucial because, of course, "the essential inquiry concerning a motion for

[7] The Court will discuss this point—specifically, how the 2025 amendments to the Local Rules place greater emphasis on and further clarify what is and is not a statement of *fact*—at greater length subsequently herein.

summary judgment is whether there exists a genuine issue as to any *material* fact—not whether there is a genuine issue as to *any* fact." *Kendall*, 751 F.2d at 174 (emphasis original).

The upshot is that a Rule 56.01 statement should, by including only material facts, always exclude garden-variety relevant facts. And the frequent failure of summary judgment movants to so exclude garden-variety relevant facts is odd because, as explained below, it is counterproductive to over-classify facts as material. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a summary judgment movant (be it a defendant or, less frequently, a plaintiff) will be successful only if it "shows *that there is no genuine dispute as to any material fact* and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This means (among other things) that the movant must show that, as to *each and every* material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* (rather than *more*) material facts, the movant persuades the court that the movant has less that it needs to achieve—i.e., fewer alleged facts to establish (or debunk)—in order to be granted summary judgment. Conversely, the *more* material facts a movant posits, the greater the possibility that the court will deny the motion for summary judgment based on the existence of a genuine issue as to any single purported material[8] fact. Put another way, a movant may think it is better to *maximize* the number of purportedly material facts because it is ostensibly more impressive to (purportedly) prevail as to the truth of a larger number of facts—but actually, all other things being equal, it is better to *minimize* the number of purportedly material facts in order to avoid placing upon oneself the burden of showing the indisputability of more facts than are actually necessary to be shown to be indisputable.

[8] Purported, that is, by the movant itself.

So in the Court's eyes, summary judgment movants have every incentive to minimize, to the fullest possible (ethical) extent, the number of material facts. But unfortunately, often they seem not to realize this. Indeed, the considerations articulated in the *McLemore* analysis (repeated in large part verbatim just above) were reflected in the 2025 amendments to Local Rule 56.01 and ought to counsel summary judgment movants to carefully consider concision and materiality *before* submitting a statement of alleged undisputed material facts to the Court. *Compare* 2020 Local Rule 56.01(b) ("Each fact must be set forth in a separate, numbered paragraph") *with* 2025 Local Rule 56.01(c)(1) ("Each individual *material* fact must be numbered separately") (emphasis added); *compare* 2020 Local Rule 56.01(c) ("Any party opposing the motion for summary judgment must respond to each fact set forth by the movant") *with* 2025 Local Rule 56.01(e) ("The respondent must also respond to the movant's statement of undisputed *material* facts in a separately filed response.") (emphasis added). But as the Court signaled during its discussion above of materiality (and as plainly follows from *McLemore*), there is another deficiency in the SOF—a deficiency that (even if only *arguably* present when a statement of facts is analyzed under the 2020 Local Rules) is now unmistakable present when a statement of facts is analyzed under the 2025 Local Rules. According to the Merriam-Webster dictionary, "fact" can mean "something that actually exists or occurs [i.e.] an actual event, situation, etc." *Fact*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/fact (last accessed May 14, 2026). But the Merriam-Webster online dictionary goes on to state that "fact" can mean "information or a piece of information *presented* as true or accurate." *Id.* (emphasis added). Indeed, this distinction is reflected in the most recent edition of Black's Law Dictionary—which defines "fact" as "[s]omething that actually exists; an aspect of reality," but alternatively as "[a]n actual *or alleged* event or circumstance, as distinguished from its legal effect, consequence, or interpretation." *Fact*,

Black's Law Dictionary (12th ed. 2024) (emphasis added). In other words, "fact" can refer both to an actuality or the assertion of an actuality.[9] What "fact" neither refers to nor otherwise encompasses is the "legal effect, consequence, or interpretation" of an alleged fact. *Id*.

In the Court's view, the 2025 Local Rules cleanly delineate this tripartite distinction between (a) the fact that is alleged to be true, (b) the reason(s) why the Court should conclude that the alleged fact is true, and (c) the legal significance of the alleged fact being true, i.e., the conclusion(s) that follow from the alleged fact being true. And importantly for the present discussion of the Motion, the 2025 Local Rules are perfectly clear as to where respectively a summary judgment movant is to assert each of these three things. As for the first, each fact alleged to be true should be stated, separately and in an individually numbered paragraph,[10] in a summary judgment movant's Rule 56.01 statement. 2025 LR 56.01(c)(1) ("The movant must file a concise, *non-argumentative statement of the alleged undisputed material facts* (not legal conclusions, arguments, or characterizations) that the movant contends supports summary judgment . . .") (emphasis added). As for the second, the reason(s) why the Court should conclude that a particular alleged fact is true should be indicated via supporting citations that go together with the individually numbered paragraph in which the fact is asserted. *Id.* ("Each individual material fact must be numbered separately *and must be supported by a citation to materials* permitted by Fed

[9] For this reason, the verbal formulation of the movant's burden—to show the absence of a genuine issue of material fact—is broad enough to encompass the absence of a genuine issue of *alleged* (or asserted) fact. This is not a mere academic or semantic point; rather, it highlights that the movant needs to show an absence of a genuine dispute as to: (i) facts that the movant needs to establish as true in order to prevail as a matter of law; and (ii) alleged facts that the movant needs to be *untrue* in order to prevail as a matter of law. In other words, it highlights that the movant needs to show that there is no genuine dispute that: (i) the alleged facts that the movant needs to establish as true in order to prevail as a matter of law are *actually* true; and (ii) the alleged facts that the movant needs to establish as absent in order to prevail as a matter of law are *actually* absent.

[10] "Each individual material fact must be numbered separately . . ." LR 56.01(c)(2).

R. Civ. P. 56(c)(1)") (emphasis added). And as for the third, the conclusion(s) that follow from the alleged fact being true should be asserted in the memorandum in support of the motion for summary judgment. 2025 Local Rule 56.01(c)(3) ("The purpose of the statement of undisputed material facts is to identify for the Court those facts that the movant contends require judgment as a matter of law. *Legal arguments*, *including as to materiality, must be made in the supporting memorandum, not in the statement of undisputed material facts.*").[11]

The Court discerns that there are three critical defects with respect to the SOF, so as to justify the denial of the Motion. First, the Court discerns that the SOF is not nearly *concise* as required by 2025 Local Rule 56.01(c)(1). Even a brief review of the SOF reveals numerous purportedly material facts that, in the view of the Court, are in actuality entirely immaterial because (a) the existence or non-existence of those facts would have no effect whatsoever on the outcome of the lawsuit and (b) determining whether those facts exist certainly is not necessary to the Court's decision on the instant Motion. For example, the fact numbered "50" in the SOF merely recites an allegation contained in Plaintiff's complaint. (*Id.* at ¶ 50). And the facts numbered "22," "36," "48," "60," and "65" in the SOF are permutations of an exceptionally broad assertion—i.e., an assertion that covers matters far broader than those implicated in the present case—that various APSU employees "did not consider the race, ethnicity, or national origin of the individual" when

[11] This conclusion is further buttressed by the analogous revisions to the Local Rules setting out a summary judgment respondent's burden in opposing a motion for summary judgment. Under the 2025 Local Rules, a summary judgment respondent must respond to a motion for summary judgment with a memorandum of law. 2025 LR 56.01(d). Of course, this requirement of a responsive memorandum was true under the 2020 Local Rules. But what was implicit under the 2020 Local Rules is now explicit under the 2025 Local Rules. A summary judgment respondent must respond to a summary judgment movant's statement of undisputed material facts with "concise, *non-argumentative* responses," in three defined ways—agreeing a fact is undisputed, agreeing a fact is undisputed solely for purposes of summary judgment, or disputing a fact as permitted by Fed. R. Civ. P. 56(c). 2025 LR 56.01(e)(1) (emphasis added). But *any "[l]egal argument*, including as to the materiality of any fact, must be made in the [summary judgment respondent's] memorandum, *not* in the response to the statement of undisputed material facts. 2025 LR 56.01(e)(5) (emphasis added).

conducting various duties or rendering various decisions. (*Id.* at ¶¶ 22, 36, 48, 60, 65). Finally, the fact numbered "66" asserts that "[n]o other [APSU] faculty have appealed their faculty evaluations to [Defendant] Dr. Cronley in her tenure as Provost of APSU." (*Id.* at ¶ 66). The Court sees why Defendants might perceive that they would score metaphorical points via fact "66"—i.e., by casting doubt, via reference to all the non-appealed faculty evaluations during Defendant Cronley's tenure as APSU Provost, on the notion that Plaintiff's 2022 faculty evaluation was performed with a "thumb on the scales" against her. But this purported fact, even if true, is obviously not material for purposes of *Plaintiff's* faculty evaluation and its relationship to *Plaintiff's* lawsuit.[12]

At base—and for reasons into which the Court need not delve deeply herein—the Court cannot see how these purportedly material facts (in addition to several other particular facts throughout the SOF) are even arguably material to the claims pending in the case at bar. The Court perceives that many of the facts stated by Defendants simply cannot be construed as material.[13]

And consistent with the Court's discussion of just what "concise" means in the context of a Rule 56.01 statement, this leads the Court to conclude that the SOF—because it includes facts that are plainly not *material*—is not in fact *concise* as required by 2025 Local Rule 56.01(c) and is thus in violation of 2025 Local Rule 56.01(c). This non-compliance with 2025 Local Rule 56.01(c) alone provides the Court with a basis to deny the Motion. *See Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 400 (M.D. Tenn. 2019) (noting that a motion may be denied based on its failure to comply with the Local

[12] Indeed, this purported fact may not even be relevant at all in the instant case.

[13] This is so even under the dubiously broader definition of "material"—i.e., when a fact's existence or nonexistence *might* affect the case's outcome—alluded to in Section 2725 of Wright & Miller discussed above. Why? Because, when considered individually, each of Defendants' "material" facts identified above lacks even the *potential* of *changing* this case's *outcome.*

Rules); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (denial of a motion as the result of a failure to comply with local rules is within a district court's discretion).

But even if the Court were to conclude that the SOF was concise as required by 2025 Local Rule 56.01(c)—i.e., if the Court accepted that each of the facts included in the SOF was in fact material—this would not save the Motion. As the Court noted above, Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), make clear that a movant for summary judgment (in this case Defendants) must remove every genuine issue of material fact. To do so, the movant must "show[ ] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial. Here, Defendants contend that there are *66* material facts. So, under Defendants' own theory, Defendants must show *that there is no genuine dispute as to any* of these 66 (purportedly) material facts in order to be entitled to summary judgment. If even *one* of these 66 (purportedly) material facts is in genuine dispute, then it would follow (under Defendants' own theory) that Defendants are *not* entitled to summary judgment. By the Court's count, Plaintiff disputes, in whole or in part, over thirty of the facts in the SOF in Plaintiff's SOF Response, (Doc. No. 55 at ¶¶ 4, 13-14, 20-23, 25-27, 31-32, 34-36, 38-41, 46-49, 55-61, 63-65).[14] Given not just the plethora of (purportedly) material facts that Defendants have submitted along with their Motion, but also the sheer number of these facts that Plaintiff contend are in fact *in genuine dispute*, the Court discerns that it is

[14] Plaintiff states the SOF Response is made "as required by Fed. R. Civ. P. 56 and M.D. Tenn. L.R. 56.01." (Doc. No. 55 at 1). Having reviewed, albeit briefly, Plaintiff's incoherent and haphazard SOF Response, the Court emphatically disagrees with Plaintiff's above-quoted assertion regarding compliance with said applicable rules. Indeed, the Court feels confident the instances in which Plaintiff's SOF Response *derogates* the Local Rules outnumber the instances in which it *complies* with the Local Rules. Plaintiff is cautioned to, going forward, take significantly greater care in preparing the filings submitted to the Court. Future noncompliance with the applicable rules will not be well-taken.

mathematically unlikely that Defendants will be able to show that all of their (purportedly) material facts are *not* in genuine dispute as required for Defendants to obtain summary judgment in full.[15] This provides a further justification for denying the Motion.

Finally, the SOF disregards the tripartite distinction outlined in the 2025 Local Rules by, among other things, including legal conclusions, arguments, and characterizations prohibited by 2025 Local Rule 56.01.[16] For example, Defendants proffer, as purportedly undisputed material facts, fourteen permutations[17] of the following formula—that a given APSU employee did not, when performing an action or rendering a decision relevant to Plaintiff's lawsuit, consider either (i) Plaintiff's prior complaints or lawsuit, or (ii) Plaintiff's race, ethnicity, or national origin. For example, the facts numbered "26" and "27" purport that:

> 26. [Plaintiff] Dr. McGruder's prior complaints or lawsuit were not considered when Dr. Culahne [sic] informed Dr. McGruder she was no longer needed to teach classes in the Criminal Justice Department. Culhane Decl., ¶10.
>
> 27. [Plaintiff] Dr. McGruder's race, ethnicity, or national origin were not considered when Dr. Culahne [sic] informed Dr. McGruder she was no longer needed to teach classes in the Criminal Justice Department. Culhane Decl., ¶11.

(*Id.* at ¶¶ 26-27). But the Court cannot construe these purported "facts" (and their brethren, *see* n.12) as anything other than conclusory assertions by Defendants regarding what was (and what was not) the rationale for the complained-of employment actions in this lawsuit. That is to say,

---

[15] We are not dealing here with batting in baseball or with three-point shooting in basketball, so it is not virtually impossible that Defendants could go 66 for 66—or that Plaintiff could go 0 for 66—on Defendants' factual assertions. But as a matter of mathematical probability, it seems implausible. And in deciding whether the metaphorical juice is worth the squeeze required to assess the purported indisputability (or undisputedness) of each and every one of 66 different purported facts, the Court has the prerogative to take this reality into account.

[16] Notably, legal conclusions, arguments, and characterizations are prohibited by 2025 Local Rule 56.01 in two ways. First, they are *expressly* prohibited by Local Rule 56.01(c)(1). Second, they are prohibited by implication anyway, because 2025 Rule 56.01(c) calls for a statement of (undisputed material) *facts*, and legal conclusions, arguments, and characterizations are not facts.

[17] (Doc. No. 48 at ¶¶ 20-21, 26-27, 34-35, 40-41, 46-47, 58-59, 63-64).

Defendants have shoehorned, into the SOF, favorable answers to the ultimate legal questions in this lawsuit by casting such favorable answers as purportedly undisputed factual assertions.

Such purported "facts" are improper not only in this way, but also improper by being self-referentially supported. Returning to Defendants' facts numbered "26" and "27," Defendants offer the following paragraphs from the "Declaration of Dr. Scott Culhane" (Doc. No. 48-6) in support of the aforementioned facts:

> 10. Dr. McGruder's prior complaints or lawsuits were not considered when I informed Dr. McGruder she was no longer needed to teach classes in the Criminal Justice Department.
>
> 11. Dr. McGruder's race, ethnicity, or national origin were not considered when I informed Dr. McGruder she was no longer needed to teach classes in the Criminal Justice Department.

(Doc. No. 48-6 at ¶¶ 10-11). Although made via declaration, these statements nonetheless are near-verbatim recitations of the SOF's paragraphs 26 and 27. (Doc. No. 48 at ¶¶ 26-27). That is to say, Defendants have *asserted*, as a purportedly undisputed material fact, that the decision to halt Plaintiff's teaching of classes in APSU's Criminal Justice department was made without consideration of Plaintiff's race, ethnicity, national origin, prior complaints, or lawsuit, (Doc. No. 48 at ¶¶ 26-27)—and then Defendants *supported* that assertion with a recursive citation essentially to itself, (Doc. No. 48-6 at ¶¶ 10-11). Defendants include fourteen such self-supported purported material facts[18] in the SOF. But as the Court stated during its discussion of 2025 Local Rule 56.01 above, legal conclusions and characterizations are reserved for the memorandum in support of a summary judgment motion—not for the statement of facts in support thereof or the citations in said statement of facts. LR 56.01.

[18] (Doc. No. 48 at ¶¶ 20-21, 26-27, 34-35, 40-41, 46-47, 58-59, 63-64). Although the facts numbered "34," "35," "46," and "47" each feature an additional citation to various portions of the deposition transcript of Plaintiff, (Doc. No. 48-2), the Court's point above remains that a legal assertion or characterization is not supported by citation to a recitation of the same legal assertion or characterization.

Accordingly, Defendants' decision to include such non-factual, argumentative items in its statement of *facts* contravenes both the plain text of 2025 Local Rule 56.01(c) and the express purpose of a statement of facts. 2025 Local Rule 56.01(c)(3) states that the purpose of a statement of facts is to "identify for the Court those facts the movant contends require judgment as a matter of law." Such facts are to be presented "individual[ly] . . . [and] must be numbered separately . . ." LR 56.01(c)(2). A statement of facts is *not* the place for *any* legal arguments; legal arguments are explicitly reserved for the "supporting memorandum" that must accompany a motion for summary judgment. 2025 LR 56.01(c)(3). The Court makes these observations to note yet other prevalent flaws in the SOF that fail the requirements of 2025 Local Rule 56.01 and overcome the Court's strong inclination to consider the merits of any pending summary judgment motion.

To the extent that the reader (or the parties, and especially Defendants) thinks that the Court's decision herein is perhaps overly harsh, the Court feels compelled to note that there is another reason to deny the Motion: the parties in this action were *time and time* again ordered to read the undersigned's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.), wherein the undersigned—as noted above—provided the same guidance as he has stated herein regarding what should (or should not) be included in a summary judgment movant's statement of undisputed material facts. Indeed, in the initial case management order (Doc. No. 34), the Magistrate Judge ordered:

> All attorneys are required to read *McLemore v. Gumucio*, 619 F.Supp.3d 816 (M.D. Tenn. 2021) (rev'd on other grounds), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow the guidance detailed in the *McLemore* opinion. Counsel must carefully draft the statement of undisputed material facts and response to ensure that each is a concise and focused statement of facts (not opinion, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

(*Id.* at 7). Moreover, the Court provided in two orders setting this case for trial:

> All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

(Doc. No. 35 at 3, Doc. No. 90 at 3). So Defendants have thrice been ordered to read the undersigned's opinion in *McLemore* and to follow *McLemore*'s guidance in bringing a motion for summary judgment. And yet Defendants nevertheless have failed to follow this Court's guidance in *McLemore*—namely by filing a statement of facts that is not concise as required by 2025 Local Rule 56.01(c) and otherwise including such a plethora of (purportedly) material facts in the SOF as to make clear to the Court that Defendants are unlikely (mathematically) to succeed in showing that each of these facts is in fact not in genuine dispute, due to both the sheer number of facts that Defendants have included in their SOF and the sheer number of these facts that Plaintiff contends are genuinely in dispute. The failure of Defendants to adhere to *McLemore*, despite this Court's orders, along with the failure of Defendants to heed the demarcation in Local Rule 2025 Local Rule 56.01(c) between factual assertions and legal conclusions, arguments and/or characterizations, provides further support for this Court's decision to deny the Motion.

## II. The Court's Discretion to Deny the Motion

Even assuming (contrary to the Court's conclusions above) that (1) Defendants had filed a statement of fact that was concise so as to be in compliance with 2025 Local Rule 56.01(c), (2) Defendants had demonstrated that all of the (purportedly) material facts in the SOF were not in genuine dispute, (3) Defendants' SOF was non-argumentative and did not include legal

conclusions, arguments, or characterizations as to be in compliance with 2025 Local Rule 56.01(c), and (4) Defendants had otherwise met their burden as summary judgment movants, the Court still would have the discretion to do what it has explicitly decided to do here: deny the Motion and manage the case by deciding to deal with all contested issues by developing a more fulsome factual record at trial rather than expending the (substantial) judicial resources necessary to dispose of the Motion. *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021) (collecting cases); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.*, No. 2:06-CV-00275, 2009 WL 10679648, at *1-2 (S.D. Ohio Feb. 11, 2009) ("It is the judgment of this Court that disposing of the pending summary judgment motions in this case would require as much time and resources as a full trial on the merits. Accordingly, the Court, in its discretion, DENIES the parties' summary judgment motions . . . . " (citing *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.,* 762 F. Supp. 251, 253 (S.D. Ind. 1991))); *Local Union No. 4343*, 662 F. Supp. at 253 ("[I]f disposing of a summary judgment motion requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and litigants' time, and as such, should be denied." (citing, *inter alia*, 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557-558)). As a district court in this circuit has noted:

> Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed.1998).

*Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). And with respect to the Motion, given some of the motion-specific observations made above, the Court discerns that resolving the instant Motion (with the attention it deserves) on the merits might well require more judicial resources than for this case to go to trial.[19] And, of course, if the Motion were to be decided and *denied* (in whole or even in part), then the resources spent on the Motion's resolution could be entirely in addition, rather than alternative, to the resources spent on a trial.[20]

Moreover, as shown by the cases just reviewed above, the Court is well within its discretion to deny the Motion on these grounds. *See also Anderson*, 477 U.S. at 255 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."); *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case will benefit from a full hearing."); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at *2 (E.D. Tenn. Apr. 25, 2019) ("[a] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." (quoting *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989))).

[19] The Court says this given the modest number and the interrelated nature of Plaintiff's claims and the parties' estimation that the trial would take 4-5 days, (Doc. No. 34 at 8), a duration that is not especially short for a trial but also not particularly long. This does not appear to be a case that would require much judicial elbow grease in performing the judge's out-of-court trial work, such as crafting jury instructions. Further, the Court knows from experience what kinds and (perhaps surprisingly very large) amounts of resources it needs to and does devote to a summary judgment motion that shakes out like this one does.

[20] This reality takes away some of the force of a legitimate argument against the approach that the Court is taking here: that *if* the motion for summary judgment *were* to be granted in full, that would save (potential) jurors time and effort that they will have to expend deciding the case after the denial of the motion for summary judgment (assuming, that is, that the case does not settle before trial).

The Court notes that the parties' effort expended in briefing the Motion ultimately should prove not to have gone to waste, but rather to be a great aide in preparing for trial—and to the extent that the effort does prove wasted, the Court believes that such waste falls at the feet of the parties (and Defendants in particular).[21]

### III. Plaintiff's Improper Statement of Undisputed Material Facts

The Court will offer one final remonstration before concluding this Memorandum Opinion and Order. On September 18, 2025, Plaintiff filed the SOF Response, (Doc. No. 55), with such filing also containing statements by Plaintiff of "Additional Material Facts," (said portion of the SOF Response, as previously defined by the Court, "Plaintiff's SOF") purportedly pursuant to "LR 56.01(c)(2)." (*Id.* at 20-21). But the Local Rules plainly do not contemplate a *nonmovant* opposing a motion for summary judgment by filing (or seeking to file) a statement of additional material facts, as Plaintiff (being the nonmovant with respect to the Motion) has done. It is true that the 2020 Local Rules permitted a nonmovant facing a motion for summary judgment to file a statement of additional material facts. 2020 LR 56.01(c)(3). However, on May 15, 2025, over three months before Defendants filed the Motion and nearly four months before Plaintiff filed the Plaintiff's SOF, the 2020 Local Rules were amended. And, as the Court has just noted above, the amended 2025 Local Rules—those both in effect currently and in effect at the time that Defendants moved for summary judgment and at the time that Plaintiff filed the Plaintiff's SOF—omit any mention of a nonmovant to a summary judgment motion, like Plaintiff, filing a statement of additional material facts, like Plaintiff's SOF. That is to say, Plaintiff's SOF, as an additional statement of

[21] One final observation is worth stating. One might protest that the length of, and depth of discussion in, the instant Memorandum Opinion and Order is inconsistent with the Court's asserted need to preserve judicial resources. To that, the Court would respond that for multiple reasons, preparation of the instant Memorandum Opinion and Order actually involved substantially less of a time investment than the content of the Memorandum Opinion and Order might indicate.

material facts filed by a nonmovant facing a motion for summary judgment, is plainly not contemplated by the Local Rules in their current iteration (and for good reasons into which the Court need not delve herein).[22] Counsel is admonished to keep current on the Local Rules.

## CONCLUSION

Accordingly, for the reasons discussed herein, the Motion (Doc. No. 46) is **DENIED**.

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[22] Even though Plaintiff's SOF is not contemplated by the current version of the Local Rules, this Court has, at times, permitted parties engaged in briefing on a motion for summary judgment to file certain types of statements of facts that are not expressly contemplated by the Local Rules if such statements of facts are actually helpful to the Court in deciding the underlying motion for summary judgment. *Cf. Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009) (declining to strike additional statements of facts filed in connection with summary judgment motions that were not expressly contemplated by the Local Rules where the at-issue "statements amplif[ied] the issues [in the case] and, for the most part, were filed in an effort to contradict statements made in the opponents' statements of undisputed facts.").

Thus, in some circumstances—for example if Plaintiff's SOF would be helpful to the Court in ruling on the Motion—the Court might consider a motion by Plaintiff for leave to file a statement of additional material facts—i.e., Plaintiff's SOF—even though, for the reasons described above, Plaintiff's SOF is plainly not contemplated by the Local Rules. But the Court emphasizes that an appropriate motion is a threshold and necessary predicate to the Court's consideration of any summary judgment nonmovant's statement of material facts.